Thomas Kosut

*v.*

Bobby Leverette, *Warden,*

West Virginia Penitentiary

(No. 14034)

Decided March 14, 1978.

*Frankovitch & Anetakis, Carl N. Frankovich* for relator.

*Chauncey H. Browning,* Attorney General, *William D. Highland,* Assistant Attorney General, for respondent.

Per Curiam:

In this original proceeding in habeas corpus, relator, Thomas Kosut, seeks a writ from this Court discharging him from custody. Relator is currently serving a life sentence pursuant to his conviction of first degree murder in the Circuit Court of Hancock County on February 25, 1971. At relator's trial instructions of the type subsequently condemned in the case of *State v. Pendry,* W. Va., 227 S.E.2d 210 (1976), were given.[1]

---

[1] One of the instructions reads:

"The court further instructs you that where a homicide is proved, the presumption is that it is murder in the second degree,

In the recent case of *Jones v. Warden*, W.Va., No. 14010 (1978), this Court held that the holding of *Pendry* was fully retroactive. Syllabus Point 2 of Jones reads:

"The proscription against unconstitutionally shifting the burden of proof in criminal trials from the state to the defendant through the use of presumptions is fully retroactive and may be raised by collateral attack against a final conviction."

The holding of *Jones* was mandated by *Hankerson v. North Carolina* , U.S., 53 L. Ed. 2d 306, 97 S.Ct. 2339 (1977), which gave retroactive effect to the earlier opinion of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S.Ct. 1881 (1975). In *Mullaney*, the Court declared Maine's murder statute unconstitutional. Under that statute, a person accused of murder could rebut the statutory presumption that he committed the offense with "malice aforethought" by proving that he acted in the heat of passion on sudden provocation. The Court held that this scheme improperly shifted the burden of persuasion from the state to the defense and was therefore a violation of due process. *Mullaney* formed the constitutional underpinning of this Court's decision in *Pendry*.

---

and the burden is upon the State to show that it is murder in the first degree, and upon the accused to show that it was without malice, and is, therefore, only voluntary or involuntary manslaughter, or that he acted lawfully and is therefore not guilty, and in arriving at a verdict in this case as to the degree of guilt, if any, the jury should take into consideration all the evidence, both that for the State and that of the defense."

Another instruction reads, in pertinent part:

". . . malice may be presumed from the use of a deadly weapon, and a man is presumed to intend that which he does, or which is the immediate or necessary consequence of his act, and if the jury believe from the evidence beyond all reasonable doubt that the defendant, Thomas Kosut, with a deadly weapon in his possession, without any or upon very slight provocation, gave the deceased, Dorthea Kosut, a mortal wound, the defendant is prima facie guilty of wilful, deliberate, and premeditated killing, and, unless the jury believe from the evidence that extenuating circumstances appear, he is guilty of murder in the first degree."

Because *Pendry* was held in *Jones* to be fully retroactive, the writ of habeas corpus sought by relator is therefore awarded. Relator is discharged from custody subject to the right of the State to retry him on the original criminal charge.

Justices Neely and Caplan concur in the applicability of the retroactivity principle of *Jones*, but would adhere to their concurring opinion in *Jones* on the applicability of the doctrine of harmless error.

<div align="right">

*Writ awarded.*